IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUN - 6 2012

| | | |
|---|---|---|
| Dorsey Lopez Stephenson, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11cv775 (LO/JFA) |
| | ) | |
| A. Parham, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Dorsey Lopez Stephenson, a Virginia inmate proceeding pro se, filed this action pursuant

to 42 U.S.C. § 1983, alleging the defendants violated his Eighth Amendment rights when they

failed to protect him from an attack by another inmate. Defendants filed a joint Motion for

Summary Judgment along with a supporting memorandum and numerous affidavits on

December 28, 2011. Defendants provided plaintiff with notice and opportunity to file responsive

materials, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975) and plaintiff has filed a response. Subsequently, defendants filed a rebuttal. Accordingly,

this matter is now ripe for disposition. For the reasons which follow, defendants' Motion for

Summary Judgment will be granted and plaintiff's claim will be dismissed.

**I.  Background**

On November 26, 2010, plaintiff, an inmate at Western Tidewater Regional Jail

("WTRJ"), was involved in an altercation with inmate Mahamad Hassan. Defs.' Ex. 001, ECF

No. 29-8. The incident was recorded by the jail's security camera. Id. The recording depicted

inmate Hassan, who is an amputee, swinging his crutch at another inmate.[1]  Robinson Aff. at ¶ 3,

---

[1] The recording is no longer available because it was not archived.  Robinson Aff. at ¶ 4, ECF
No. 29-4.

ECF No. 29-4; Defs.' Ex. 001. According to the official incident report, Hassan appeared to be "horse playing" because the inmate "easily deflect[ed]" the crutch. Defs.' Ex. 001. Hassan next swung his crutch at plaintiff, who responded by charging at Hassan and nearly knocking him to the ground. Robinson Aff. at ¶ 3; Defs.' Ex. 001. Hassan then began to swing the crutch "forcefully" at plaintiff. Robinson Aff. at ¶ 3; Defs.' Ex. 001. Plaintiff retreated to the dayroom door, picked up a trashcan, and threw it at Hassan. Robinson Aff. at ¶ 3; Defs.' Ex. 001. The trashcan struck Hassan's left upper body, bounced off him, and struck a third inmate, Mohammad Jamah, in the head, causing Jamah to suffer a scalp laceration. Robinson Aff. at ¶ 3; Defs.' Ex. 001. After the incident plaintiff and inmate Hassan were charged with rules violations. Defs.' Ex. 001

Immediately following the altercation, plaintiff was examined by the WTRJ medical staff because he was complaining of pain in his right hand. DeMatteo Aff. at ¶ 3, ECF No. 29-7; Defs.' Ex. 009, 010, ECF No. 29-8. At the conclusion of the examination the following entry was made in plaintiff's medical chart: "[a]ltercation with another inmate, was hit with crutch from inmate Mahamed Hassan. Hit with crutch, right lateral hand. No crepitus, no swelling . . . but says it hurts. . . strength 5/5. Inmate provided Motrin." Defs.' Ex. 010. On December 2, 2010, plaintiff visited medical again because he allegedly continued to experience pain in his right hand, but his medical records indicate that his right hand was not swollen and had full range of motion. DeMatteo Aff. at ¶ 4, Defs.' Ex. 011, ECF No. 29-8. On December 6, 2010, plaintiff requested an x-ray. DeMatteo Aff. at ¶ 5, Defs.' Ex. 012, ECF No. 29-8. The x-ray was performed on December 11, 2010, and revealed that plaintiff had no acute fractures or dislocation, all joints were well maintained and normal, and there were no abnormalities in the right wrist. DeMatteo Aff. at ¶ 6, Defs. Ex. 013, ECF No. 29-8. WTRJ medical staff examined

2

plaintiff again on December 13, 2010 and January 6, 2011.  DeMatteo Aff. at ¶¶ 7, 8.  On both

occasions plaintiff complained of pain in his right hand, but examination confirmed that there

was no swelling or inflammation in the hand, and the hand had full range of motion and full

strength.  DeMatteo Aff. at ¶¶ 7, 8; Defs.' Ex. 014A, 014B, ECF No. 29-8.

     After allegedly exhausting his administrative remedies regarding the altercation with

inmate Hassan, plaintiff, proceeding pro se, filed the instant action pursuant to a 42 U.S.C. §

1983.  As defendants plaintiff names three correctional officers:  Officer Miller, Major Parham,

and Captain Maskelony.  The complaint, as amended, alleges that the defendants violated

plaintiff's Eighth Amendment rights when they failed to protect him from the assault by inmate

Hassan, who plaintiff identifies as a "Somali pirate."[2]  Am. Compl. at 1, ECF No. 6.  According

to the complaint, an unidentified U.S. Marshall ordered the defendants to keep plaintiff separated

from the "Somali pirates."  Id.  While plaintiff does not identify the U.S. Marshall in his

amended complaint, the defendants determined that plaintiff was referring to Special Agent

Mark Garhart, see Brief in Supp. Mot. for Summ. J. at 6, ECF No. 29, and plaintiff concedes this

in his response to the motion for summary judgment.  Resp. Mot. Summ. J. at 3-5, ECF No. 33.

Plaintiff contends that the defendants should be held liable because they had knowledge of "the

Somalian['s] [sic] dangerous ways and that [plaintiff] wasn't suppose[d] to be around them."

Am. Compl. at 2.  Furthermore, plaintiff states that the defendants were deliberately indifferent

because they allowed Hassan to keep his "stainless steel crutch" when they knew it could be used

as a weapon.  Am. Compl. at 1-2.  Lastly, plaintiff alleges that he experienced "outrageous" pain

in his right hand following the altercation with inmate Hassan and that he could not use his right

hand for three and one-half months.  Am. Compl. at 1.

---

[2] It is unclear whether inmate Hassan is actually detained on charges of piracy because it appears
that plaintiff refers to all Somali inmates as "Somali pirates."

In response, defendants filed a joint motion for summary judgment supported by several affidavits. The supporting affidavits establish that none of the defendants spoke with a U.S. Marshall or FBI Agent about separating the plaintiff from the "Somali pirates." Miller Aff. at ¶ 3, ECF No. 29-2; Parham Aff. at ¶ 3, ECF No. 29-3; Maskelony Aff. at ¶ 3, ECF No. 29-5. Additionally, Special Agent Garhart attests that he never requested that any of the defendants, or any other individual at WTRJ, separate plaintiff from the "Somali pirates." Garhart Aff. at ¶ 4, ECF No. 29-1. Special Agent Garhart acknowledges that he spoke with plaintiff on several occasions regarding Somali pirates, but "the information provided was nothing [plaintiff] could not get from the news coverage." Garhart Aff. at ¶ 3.

Additionally, defendants attest that prior to the altercation with inmate Hassan, there was no history of violence between plaintiff and Somali inmates at the jail. Parham Aff. at ¶¶ 7, 8. Additionally, plaintiff was a well-known inmate because he made numerous complaints about having "enemies" on his cell block, and was therefore moved with great frequency. Miller Aff. at ¶ 4; Parham Aff. at ¶ 6; Maskelony Aff. at ¶ 4. However, defendants attest that plaintiff never identified Hassan or any other Somali detainee as an enemy. Miller Aff. at ¶ 4; Parham Aff. at ¶ 7; Maskelony Aff. at ¶ 4. Furthermore, prior to the November 26, 2010, altercation inmate Hassan, who is an amputee and needs crutches to ambulate, "had not . . . abused the privilege of having the crutches." Parham Aff. at ¶ 9.

## II. Standard of Review

In reviewing a motion for summary judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## II. Analysis

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). However, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." Id. To establish a § 1983 claim for failure to protect, a plaintiff must show: (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted); Odom v. S. C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003). As to the first prong, "[o]nly extreme deprivations are adequate," De'Lonta, 330 F.3d at 634; thus the deprivation must be "objectively, sufficiently serious." Odom, 349 F.3d at 770, quoting Wilson, 501 U.S. at 298. As to the second, prison officials must be shown to have exhibited "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 834. A prison official shows deliberate indifference if he or she "knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Saunders v. Buckner, 2008 WL 4104439 (E. D. Va. Aug. 28, 2008) at *6, quoting Farmer, 511 U.S. at 837. Importantly, an official's "failure to alleviate a significant risk that he should have perceived but did not . . . cannot . . . be condemned" as a violation of the Eighth Amendment. Farmer, 511 U.S. at 838.

Based on the record before the Court, summary judgment in favor of the defendants is appropriate. Initially, it must be noted that plaintiff has failed to submit any evidence in this action. His response to the motion for summary judgment was not filed under oath, and plaintiff did not submit affidavits or offer other admissible evidence. It is well-settled in this Circuit that conclusory, unsubstantiated claims, which lack evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988

Additionally, turning to the evidence filed by the defendants, it is clear that plaintiff fails to establish either prong of the standard for stating a claim of failure to protect. First, the evidence demonstrates that plaintiff did not sustain an "objectively, sufficiently serious" injury during the altercation with inmate Hassan. Plaintiff alleges that his right hand was injured during the incident, and as a result he suffered "outrageous" pain and could not use his hand for three and one-half months. Am. Compl. at 1, ECF No. 6. However, defendants' evidence contradicts plaintiff's unsubstantiated allegations. The record before the Court demonstrates that the medical staff at WTRJ examined plaintiff's right hand on numerous occasions, and each time noted that nothing was medically wrong with the hand. At all times, the hand retained full range of motion and full strength. See, e.g., Defs.' Exs. 010, 011, ECF No. 29-8. Furthermore, an x-

ray of plaintiff's right hand confirmed that there were no fractures or dislocation, all joints were well maintained and normal, and there were no abnormalities in the right wrist. Defs. Ex. 013, ECF No. 29-8. To the extent plaintiff argues that he suffered "extreme pain" and emotional injury following the altercation with inmate Hassan, such allegations are unsupported by evidence and therefore insufficient to satisfy plaintiff's burden on summary judgment.

Moreover, plaintiff fails to establish that the defendants had a "sufficiently culpable state of mind." Plaintiff offers no evidence indicating that the defendants were aware that inmate Hassan posed a serious risk of substantial harm to plaintiff. Defendants' evidence, however, establishes that prior to the November 26, 2010, altercation, plaintiff never had a dispute with inmate Hassan. Parham Aff. at ¶¶ 7, 8, ECF No. 29-3. Additionally, although plaintiff had a lengthy "enemy" list, neither inmate Hassan, nor any other Somali inmate appeared on the list. Miller Aff. at ¶ 4, ECF 29-2; Parham Aff. at ¶ 7; Maskelony Aff. at ¶ 4, ECF No. 29-5. Most importantly, the record establishes that none of the defendants received any communication from the FBI, the U.S. Marshall Service, or another other federal agency requesting that plaintiff be kept separate from any Somali detainee at WTRJ. Miller Aff. at ¶ 3; Parham Aff. at ¶ 3; Maskelony Aff. at ¶ 3. Furthermore, Special Agent Garhart attests that he never contacted the defendants or any other individual at WTRJ to request that plaintiff be separated from Somali inmates. Garhart Aff. at ¶ 4. In his response to the motion for summary judgment, plaintiff states that he called Agent Garhart and asked him "did [you] have me moved?" to which Garhart allegedly responded "yes." Resp. Mot. Summ. J. at 4, ECF No. 33. As with plaintiff's other allegations, this statement is not supported by evidence and thus is insufficient to satisfy his burden of proof on summary judgment, particularly in light of Garhart's affidavit stating the contrary. Moreover, even assuming Garhart did tell plaintiff he had him moved, plaintiff fails to

7

offer evidence demonstrating that this order was relayed to the defendants in this action. Thus, the evidence fails to establish that the defendants were aware that inmate Hassan posed a serious risk of substantial harm to plaintiff.

Finally, plaintiff states that the defendants had a sufficiently culpable state of mind because they permitted inmate Hassan to keep his "stainless steel crutch." However, the record establishes the defendants had no reason to believe that inmate Hassan would use his crutches to injure another inmate, because prior to November 26, 2010, Hassan had used his crutches without incident. Parham Aff. at ¶ 9. Accordingly, defendants were not deliberately indifferent when they allowed inmate Hassan to retain his crutches. See Farmer, 511 U.S. at 838 (no liability for injury resulting from a "significant risk that [prison official] should have perceived but did not").

### IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted. An appropriate Order shall issue.

Entered this _____ day of _____ 2012.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

8